UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMAS O'CAMPO,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN BEAR RESTAURANT GROUP, INC., et al.,<br><br>Defendants. | No. 2:15-cv-01849-TLN-DMC<br><br>**FINAL PRETRIAL ORDER**<br><br>Trial Date: April 17, 2023<br>TIME: 9:00 a.m. |

This Court held a Final Pretrial Conference on February 23, 2023. Plaintiff Dimas O'Campo ("Plaintiff") was represented by Joseph Zink. Defendants Golden Bear Restaurant Group, Inc., Joseph Polati, and Traci Polati ("Defendants") were represented by Shalend Singh and Grace Mehta. After the hearing, the Court makes the following findings and orders:

**I.    JURISDICTION / VENUE**

The parties dispute whether the Court has the factual and statutory basis of federal jurisdiction. Plaintiff claims the Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343. (ECF No. 48 at 2.) Plaintiff further argues supplemental jurisdiction for claims arising from the same operative facts brought under California law is predicated on 28 U.S.C. § 1367, and venue is invoked pursuant to 28 U.S.C. §§ 1391(b) and (c). (*Id.*)

Defendants contest that the Court has subject matter jurisdiction over this action arguing

1

Plaintiff's complaint fails to establish Article III standing.  (*Id.*)

## II.     JURY OR NON-JURY TRIAL

Neither party has requested a jury trial, and the matter is therefore planned for a non-jury trial.

## III.    UNDISPUTED FACTS

1. The parties agree that the following issues are moot: (1) the International Symbol of Accessibility ("ISA") sign at the entrance door that was not posted at the correct height; (2) the entrance door with an inaccessible panel handle; (3) the mirror in the restroom which was mounted too high; (4) the soap dispenser in the restroom which was mounted too high; and (5) the paper towel dispenser which required twisting, pinching, and/or grabbing and was difficult to use.

2. The Court granted Defendants' Motion for Summary Judgment and entitled them to judgment as a matter of law with respect to Plaintiff alleging: (1) a toilet tissue dispenser in the restroom mounted too far from the front of the toilet; and (2) pipes beneath the sink in the restroom which were improperly and incompletely wrapped.

## IV.    DISPUTED FACTUAL ISSUES

1. Whether Plaintiff has severe brain damage, which affects his ability to walk, talk, see, and stand.

2. Whether Plaintiff requires the use of a cane and/or wheelchair and often a mobility equipped vehicle when traveling in public.

3. Whether Plaintiff visited the Arby's Restaurant multiple times, including on June 17, 2015, and August 11, 2015.

4. Whether Plaintiff encountered multiple barriers at the Restaurant including: (1) a steep slope in the disabled parking space; (2) a steep slope in the access aisle in the parking lot; (3) an ISA sign at the entrance door that was not the correct height; (4) an entrance door with an inaccessible panel handle; (5) a toilet tissue dispenser in the restroom mounted too far from the front of the toilet; (6) pipes beneath the sink in the restroom which were improperly and incompletely wrapped; (7) a mirror in the restroom which was mounted too high; (8) a soap dispenser in the restroom which was mounted too high; and (9) a paper towel dispenser which

required twisting, pinching, and/or grasping and was difficult to use.

     5.     Whether due to the alleged barriers, Plaintiff is prevented from enjoying full and equal access to the Restaurant.

     6.     Whether the disabled parking slopes at the restaurant contained slopes that were as steep as 2.7%.

     7.     Whether the slope of the access aisle in the parking lot exceeds 2%.

**V.**     **DISPUTED EVIDENTIARY ISSUES & MOTIONS IN LIMINE**

The Court sets a filing deadline for motions in limine of March 27, 2023, with opposition briefs due by April 3, 2023, so that the motions can be heard and decided before trial begins. Plaintiff identifies the following evidentiary issues that may be subject to a motion in limine:

     1.     Excluding experts from testifying about whether elements at the restaurant complied with the law, or the legal requirements for those elements, and whether such testimony are impermissible legal conclusions.

     2.     Preventing the defense from introducing evidence of Plaintiff's prior litigation history and/or prior settlements.

     3.     Excluding any undisclosed and unpled affirmative defenses presented at trial which were not included in the answer and final pretrial order.

     4.     Excluding any undisclosed exhibits pursuant to Fed. R. Civ. P. 37.

Defendants identify the following evidentiary issues that may be subject to a motion in limine:

     1.     Excluding experts from testifying about whether elements at the restaurant failed to comply with the law, or the legal requirements for those elements, and whether such testimony are impermissible legal conclusions.

     2.     Preventing Plaintiff from introducing any inadmissible or irrelevant evidence to his remaining causes of action.

     3.     Excluding any undisclosed law or expert witness testimony.

     4.     Given the death of the defense expert, Defendants request the expert reports be admitted into evidence.

## VI. WITNESSES

The parties' lists of prospective witnesses have been memorialized in the parties' Exhibit A and Exhibit C to the Joint Final Pretrial Conference Statement and are thus incorporated herein.

No other witnesses will be permitted to testify unless: (1) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Final Pretrial Conference, or (2) the witness was discovered after the Final Pretrial Conference and the proffering party makes the showing required in section B below.

Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless: (1) the witnesses could not reasonably have been discovered prior to pretrial; (2) the Court and opposing counsel were promptly notified upon discovery of the witnesses; (3) if time permitted, counsel proffered the witnesses for deposition; and (4) if time did not permit, a reasonable summary of the witnesses' testimony was provided by opposing counsel.

## VII. EXHIBITS — SCHEDULES AND SUMMARIES

The parties' lists of proposed exhibits have been memorialized in the parties' Exhibit B and Exhibit D to the Joint Final Pretrial Conference Statement and are thus incorporated herein.

**Plaintiff's exhibits shall be listed numerically. Defendants' exhibits shall be listed alphabetically.** The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for Plaintiffs and blue for Defendants. After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion during the trial. All multi-page exhibits shall be fastened together and each page within the exhibit shall be numbered. All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other. In the event that Plaintiff and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified. The Court cautions the parties to pay attention to this detail so that

all concerned will not be confused by one exhibit being identified with both a number and a letter.

A. The Court will not permit introduction of other exhibits unless: (1) the party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Scheduling Conference, or (2) the exhibit was discovered after the Pretrial Scheduling Conference and the proffering party makes the showing required in paragraph "B" below.

B. Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates: (1) the exhibits could not reasonably have been discovered prior to pretrial; (2) the Court and counsel were promptly informed of their existence; (3) counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel. If the exhibit(s) may not be copied, the proffering counsel must show that he or she has made the exhibit(s) reasonably available for inspection by opposing counsel.

C. As to each exhibit, each party is ordered to exchange a copy identical to the Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) **no later than one week before trial.**

D. The attorney or representative for each party is directed to present one copy of the exhibit(s) and exhibit list to the Court Clerk's Office, **no later than 3:00 p.m., one week before trial**, or at such earlier time as may be ordered by the Court. The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter. Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.

E. It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s) if needed.

**VIII.    DISCOVERY DOCUMENTS**

The parties do not list any discovery documents they expect to offer at trial.

5

### IX. FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Final Pretrial Conference. That Order is confirmed. The parties are free to engage in informal agreements regarding discovery and law and motion matters. However, any such agreements will not be enforceable in this Court.

### XI. AGREED STATEMENTS — JOINT STATEMENT OF CASE

The Court notes the parties did not submit a joint statement of the case in the Joint Pretrial Statement. Plaintiff states that because this is a bench trial, he does not feel an agreed upon statement is necessary. (ECF No. 48 at 12.) It is mandatory the parties shall file one short joint statement of the case concerning the nature of this case. This shall be filed **no later than one week before first day of trial**. The statement of the case shall include in plain concise language Plaintiff's claims and the corresponding defenses to the claims.

### XIII. AUDIO/VISUAL EQUIPMENT

The parties are required to notify the Courtroom Deputy Clerk, Michele Krueger, **twenty-one (21) days before trial**, if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence. There will be one date and time for such orientation.

### XIV. DATE AND LENGTH OF TRIAL

Trial is scheduled for **Monday April 17, 2023**. The estimated length of trial is 2 days. Counsel are to email Michele Krueger, Courtroom Deputy Clerk, at mkrueger@caed.uscourts.gov or call 916-930-4163 by April 10, 2023, to ascertain the status of the trial date.

///
///
///
///
///
///

6

## XV.  OBJECTIONS TO PRETRIAL ORDER

Each party is granted **fourteen (14) days** from the entry of this Final Pretrial Order to object to any part of the order or to request augmentation to it.  A Final Pretrial Order will be modified only upon a showing of manifest injustice.  If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

**DATE:  March 1, 2023**

Troy L. Nunley
United States District Judge